UNDER SEAL

UNITED STATES DISTRICT COURT

FOR

THE EASTERN DISTRICT OF VIRGINIA

U.S.A. vs. <u>Brett Anthony Amendola</u>　　　　　　　　　Docket No. <u>1:21CR00118-001</u>

**First Addendum to
Petition on Supervised Release
Filed on January 21, 2026**

On January 20, 2026, the undersigned submitted a Petition on Supervised Release to the Court alleging Mr. Amendola violated several conditions of supervision. The warrant ordered by Your Honor remains outstanding as of this date.

**STANDARD CONDITION #4:**　　**YOU MUST ANSWER TRUTHFULLY THE QUESTIONS ASKED BY YOUR PROBATION OFFICER.**

**SPECIAL CONDITION #4:**　　**THE DEFENDANT SHALL NOT ACCEPT ANY FUNDS FROM ANY SOURCE OTHER THAN LEGITIMATE EMPLOYMENT OR HIS PARENTS.**

**Continued on Page 2.**

AKS/mbp/dg

### ORDER OF COURT

Considered and ordered this __28th__ day of January 2026 that the petition previously issued be amended and that this addendum be ordered filed and made part of the record in the above case.

_____/s/_____
Leonie M. Brinkema
United States District Judge

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __01/27/2026__

_Annabella K. Steppat_
Digitally signed by Annabella Steppat
Date: 2026.01.27 12:35:16 -05'00'

Annabella K. Steppat
Senior U.S. Probation Officer
(703) 299-2308

Place __Alexandria, Virginia__

**TO CLERK'S OFFICE**　　　　　　　　　　　　　　　　　　　　　　　　　DF-69 (Rev. 02/20)

UNDER SEAL

USA vs. Amendola, Brett Anthony  
Page 2

Docket No.: 1:21CR00118-001

**SPECIAL CONDITION #5:**     **THE DEFENDANT IS NOT PERMITTED TO ENGAGE IN ANY KIND OF SELF-EMPLOYMENT.**

On January 21, 2026, the undersigned received the below noted information regarding Mr. Amendola's investment dealings. Probation notes that U.S. Postal Inspector Elizabeth Howard was able to corroborate the individuals' statements.

Between November 27, 2023, and February 26, 2024, Mr. Amendola received approximately $39,500.00 from C.D. for investment purposes. Between January 9, 2024, and February 20, 2024, Mr. Amendola received at least $131,000.00 from A.R. with Upper Edge Management for investment purposes. In addition, between March 13, 2024, and March 14, 2024, Mr. Amendola received at least $37,000.00 from L.S. for investment purposes. On October 16, 2024, Mr. Amendola received approximately 5,000.00 from A.S. and approximately $25,000.00 from M.A. for investment purposes. Altogether, Mr. Amendola received approximately $237,500.00 in funds, which were not reported to probation nor were they received from legitimate employment.

According to the individuals, the defendant directed them to wire the funds, submit cash deposits, checks or send money via mobile cash applications to the ARCA Holdings account, the Alexson Holdings account, or to both the defendant's and Roger Amendola's bank accounts. In return, Mr. Amendola promised to invest and trade the money on behalf of these individuals. Probation notes that on December 16, 2025, and January 13, 2026, the defendant admitted to using the business accounts, specifically the ARCA Holdings and Alexson Holdings account, to conduct his investment business and to circumvent reporting to probation.